**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARL SEVERE,<br><br>                       Plaintiff,<br><br>      v.<br><br>EQUIFAX INFORMATION SERVICES and WELLS FARGO AND COMPANY,<br><br>                       Defendants. | Honorable Julien X. Neals<br>Civil Action No. 21-17927 (JXN) |
| KIM SEVERE,<br><br>                       Plaintiff,<br><br>      v.<br><br>EQUIFAX INFORMATION SERVICES and WELLS FARGO AND COMPANY,<br><br>                       Defendants. | Honorable Julien X. Neals<br>Civil Action No. 21-20437 (JXN)<br><br>**MEMORANDUM OPINION & ORDER GRANTING MOTION TO CONSOLIDATE** |

**THIS MATTER** having come before the Court by way of Defendant Wells Fargo and Company's motion to consolidate *Carl Severe v. Wells Fargo and Company*, *et al.*, 21-17927 (JXN) ("*Carl Severe Action*") with *Kim Severe vs. Wells Fargo and Company*, 21-20437 (JXN) ("*Kim Severe Action*") (*see* Civ. A. No. 21-17927; ECF No. 17); and *pro se* Plaintiff Carl Severe ("Carl Severe") having opposed the motion[1] (*see* Civ. A. No. 21-17927; ECF No. 21); and the Court having concluded that oral argument is not necessary, *see* Fed. R. Civ. P. 78(b); and upon

---

[1] *Pro se* Kim Severe ("Kim Severe") did not file any opposition to the motion to consolidate.

1

careful consideration of the papers submitted, the Court finds as follows:

1. On September 30, 2021, Carl Severe filed the *Carl Severe Action* in this District Court against Equifax Information Services ("Equifax") [2] and Wells Fargo and Company ("Wells Fargo") (sometimes, collectively, "Defendants"), alleging that Wells Fargo has been inaccurately furnishing credit data on his credit reports, which then were published by Equifax, *Carl Severe v. Equifax, et al.*, 21-17927 (JXN) ("Carl Severe's Complaint"). Carl Severe's Complaint alleges that he previously raised disputes over the inaccurate and unsubstantiated credit reporting involving two alleged accounts, both ending in -1998, but the inaccurate reporting and publishing continued. (ECF No. 1 at ¶¶ 4-8). Carl Severe asserts that Defendants' conduct violates the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FRCRA"), and, in particular, 15 U.S.C. §§ 1681n(a) and 1681o(a). (*Id*. at ¶¶ 9-18).

2. On December 9, 2021, Kim Severe, Carl Severe's wife, filed the *Kim Severe Action* in this District Court against Equifax and Wells Fargo, *Kim Severe v. Equifax, et al.*, 21-20437 (JXN) ("Kim Severe's Complaint"). Kim Severe's Complaint contains substantially similar allegations about Wells Fargo having inaccurately furnished credit data on her credit reports, which were published by Equifax. (Kim Severe's Compl., ¶¶ 4-8). Kim Severe alleges that the inaccurate credit reporting involves account number 6816-8169-09124-1998, which is one of two subject accounts in Carl Severe's Complaint.[3] (*Id.* ¶ 4). Likewise, she alleges that Defendants are

---

[2] Equifax has settled with both Carl and Kim Severe and been dismissed as a defendant in both cases. *See* Civ. A. No. 21-17927, ECF No. 24; Civ. A. No. 21-20437, ECF No. 11.

[3] Wells Fargo appears to contend that only one account is at issue in both cases. (ECF No. 17-1 at 2). However, as stated in Carl Severe's Complaint and in his opposition to the motion, two accounts - both ending in -1998 - are at issue. (*See* Compl., ¶ 4; *see also* Pl.'s Br. in Opp'n to Consolidation; ECF No. 21 at 1-2). Importantly, Carl Severe does not dispute that at least one joint account belonging to him and Kim Severe are the subject of both lawsuits.

liable under the same FRCA provisions as asserted in Carl Severe's Complaint, (*Id.* ¶¶ 10-19), as well as 15 U.S.C. §§ 1681s-2(b).

3.  The account ending in -1998 at issue in both Carl Severe's Complaint and Kim Severe's Complaint is alleged to be "[Carl and Kim's] shared Open-End Mortgage[4] with Wells Fargo." (Def.'s Br. at 2; ECF No. 17-1).

4.  In support of its motion to consolidate, Wells Fargo contends that both civil actions should be consolidated because they involve "nearly identical complaints, filed by husband and wife, contain the same causes of action, the same defendants, and relate to the same alleged inaccurate reporting on the same account." (ECF No. 17 at 2). According to Wells Fargo, the only differences between the two complaints are that: (1) Carl Severe alleges he disputed Wells Fargo's credit reporting in March 2021 and May 2021, while Kim Severe disputed Wells Fargo's credit reporting in September 2021 and October 2021, and (2) Carl disputes the accuracy of the last "payment amount," while Kim disputes the last "payment date." (*Id.* at 4-5). Wells Fargo contends that, pursuant to Federal Rule of Civil Procedure 42(a), the complaints contain "nearly the same numbered paragraphs" and involve the same questions of law and substantially similar and related facts.

5.  In opposition, Carl Severe asserts that his complaint differs from his wife's pleading because he alleges FCRA violations regarding two different accounts, disputes different time periods in support of his FCRA claims, and his wife's claims allegedly arise out of reporting from September 2021 to the present, while his claims arise out of credit reporting that occurred in March 2021 and concluded in August 2021. (ECF No. 21 at 2). Carl Severe also alleges that Kim

---

[4] Wells Fargo's motion papers detail the factual background relating to the Open-End Mortgage account. It is unclear whether Plaintiffs dispute this background information. This issue is of no moment since the history of this subject account is not germane to deciding the instant motion to consolidate.

Severe's Complaint contains a claim under 15 U.S.C. §§ 1681s-2(b), which is not asserted in his complaint. As a result, he contends the cases are not identical and should proceed separately. (*Id.* at 2-3).

6.      In reply, Wells Fargo contends the specific time period of the alleged credit reporting act is technical and immaterial since both complaints were filed by a husband and wife involving "the same mortgage account with nearly verbatim allegations" and involve the same legal issues. (ECF No. 22 at 4). As such, according to Wells Fargo, consolidation is appropriate, pursuant to Federal Rule of Civil Procedure 42(a), for several reasons. Specifically, consolidation will promote judicial economy; conserve party resources; prevent duplicative discovery requests, depositions, and motion practice; and allow the same legal questions involving the same account to be determined in one case. (*Id.* at 2-3).

7.      Federal Rule of Civil Procedure 42(a) allows a court to "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay" if "actions before the court involve a common question of law or fact." *Id*. "Rule 42(a) gives the district court 'broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice*.*" *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 80 (D.N.J.1993) (citations omitted). *See Ellerman Lines, Ltd. v. A. & Gulf Stevedors, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964). The purpose of consolidation is to provide for judicial efficiency by streamlining pretrial proceedings, minimizing duplication of effort, and avoiding conflicting outcomes in cases involving similar legal and factual issues*. See In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999). Accordingly, when cases present similar legal or factual issues, "[i]n the

absence of an articulated basis to assert confusion or prejudice, consolidation is generally appropriate." *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J.2003).

8.  As it relates to the pending motion for consolidation, the Court finds that consolidation for all purposes is appropriate for a multitude of reasons. The Court notes that the *Carl Severe Action* and the *Kim Severe Action* are substantially similar cases raising overlapping and related issues and legal claims. In particular, the cases are brought by a husband and wife; both cases raise claims under the FCRA; both cases involve allegations that Wells Fargo provided inaccurate credit reporting information relating to the joint mortgage account ending in -1998; both cases involve the same legal question regarding whether Defendants willfully and negligently violated the FRCA; and both complaints contain the same FCRA claims turning on that legal issue. (*See* Def.'s Br. at 6-7, ECF No. 17-1 in *Carl Severe Action*). The only real difference between the two cases is that the *Carl Severe Action* involves one additional disputed account.

9.  The Court further finds that inconsistent or duplicative effort would be needed to manage and try the cases separately. Equally important, consolidation for all purposes will serve judicial efficiency and reduce unnecessary costs. Given the common questions of fact and law as determined, discovery, dispositive motion practice, and a trial in both cases will likely involve many of the same witnesses and documents. To compel duplication of effort and time by the parties would result in a waste of judicial resources and unnecessarily burden the parties in terms of expenses.

10. Finally, Carl Severe has not articulated any prejudice or likely confusion that would result from consolidation of these two cases, and Kim Severe has not responded to the motion to consolidate. To that end, the Court finds that consolidation presents no risk of harm to any party.

*See A.F.I.K. Holding,* 216 F.R.D. at 570. Accordingly, for all of the above reasons, consolidation of these two cases for all purposes is appropriate, and thus for good cause shown;

**IT IS on this 8th day of June 2022,**

**ORDERED** that Wells Fargo's motion to consolidate *Carl Severe v. Wells Fargo and Company, et al.,* 21-17927 (JXN) with *Kim Severe vs. Wells Fargo and Company*, 21-20437 (JXN) (Civ. A. No. 21-17927; ECF No. 17) is **GRANTED**. These cases shall be consolidated for all purposes under the lead docket of 21-17927 (JXN); and it is further

**ORDERED** that following the close of fact discovery and/or dispositive motion practice, any party may seek leave to modify and/or deconsolidate these cases; and it is further

**ORDERED** that the Clerk of the Court is directed to terminate the motion to consolidate filed as ECF No. 17 in Civ. A. No. 21-17927; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Order to plaintiffs Carl Severe and Kim Severe; and it is further

**ORDERED** that the Court will issue a separate order scheduling an Initial Scheduling Conference pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16.1.

s/Jessica S. Allen
**JESSICA S. ALLEN**
**United States Magistrate Judge**
